UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: BEECHGROVE
REDEVELOPMENT, L.L.C., ET AL

CIVIL ACTION

NO: 09-0386

SECTION: "D"(5)
(Underlying Bankruptcy
Nos. 07-12057 &
07-12058)

**REPORT AND RECOMMENDATION**

At a settlement conference conducted in the above matter, appellant, First KT Lending, LLC, and appellees, Beechgrove Redevelopment, LLC and Beechgrove Redevelopment Phase II, LLC, reached a resolution of the issues pertaining to this appeal. More specifically, the terms of that settlement are as follows:

1. Appellant will be awarded the additional sum of $165,445.52 to be allocated 42% to Appellant's Allowed Class 1 Claim under Appellees' Confirmed Plan of Reorganization (the "Plan")[Bankruptcy Docket 455] and 58% to Appellant's Allowed Class 8 Claim under the Plan.

2. The $165,445.52 awarded pursuant to paragraph 1 shall be applied as follows, until exhausted:

   a. The claim for reimbursement of professional fees of Locke Lord Bissell & Liddell is allowed in the total amount of $301,831.50 for the Application Period (defined below);

   b. The claim for reimbursement of professional fees of Adams and Reese LLP is allowed in the total amount of

$71,868.25;

   c. The claim for reimbursement of professional fees of Chiron Financial Advisors, LLC is allowed in the total amount of $54,387.02; and

   d. Excess thereafter, if any, being applied to further increase the allowed reimbursement claim for Chiron financial Advisors.

3. All additional amounts sought pursuant to the Appellant's Application for Allowance of Fees, Costs and Charges through September 30, 2008 (the "<u>Application Period</u>") [docket 541] above the total of $615,673.74 shall be disallowed in their entirety.

4. Settlement on the terms set forth herein is contingent upon finalization and execution of: (i) those certain Allonges to Debtors' promissory notes held by First KT (the "<u>Notes</u>"), which are to be attached; (ii) those certain Operating Agreements, which are to be attached; and (iii) that certain release, which is to be attached. All of the foregoing shall be executed by the Debtors/Appellees by no later than July 20, 2009.

5. Appellant's reasonable professional fees, costs and charges incurred subsequent to the Application Period shall be included in the indebtedness under the Notes.

Following the aforementioned agreement having been reached, the Court sought briefing as to whether this settlement could be finalized in the District Court without remand to the Bankruptcy Court. All parties to the settlement conference have advised the undersigned that, pursuant to 28 U.S.C. §1334, district courts have "original and exclusive jurisdiction of all cases under Title 11". Accordingly, the settlement may be finalized at the present time.

The Court further sought input with regard to which, if any, creditors needed notification of the proposed settlement. Both counsel have advised the Court that, since this settlement does not impact the distributions and rights of other creditors in the estate, notice need not be provided to other creditors.

### **RECOMMENDATION**

**IT IS RECOMMENDED THAT** the proposed settlement outlined above and perpetuated in the communication of counsel annexed hereto be approved by this Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  16th  day of  September , 2009.

/s/ Alma L. Chasez
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

3